## NORTON *v.* MELL.

No. 11310. MAY 13, 1936. REHEARING DENIED JUNE 13, 1936.

*Louis H. Foster,* for plaintiff in error.
*J. S. Nunnally* and *Roy S. Drennan,* contra.

GILBERT, Justice. P. H. Mell obtained a judgment against Henry J. Norton in the municipal court of Atlanta, and caused a summons of garnishment to be served on the Metropolitan Life Insurance Company. The insurance company answered that it originally was indebted to Norton, but that the indebtedness had been transferred and assigned to his wife, Alice E. Norton, the assignment being lodged with it, and it was then indebted, not to

Norton, but to his wife as assignee. ·Mell then filed an equitable petition in the superior court against Henry J. Norton and his wife, Alice E. Norton, and Metropolitan Insurance Company, alleging insolvency of Norton, and that the transfer had been made in fraud of creditors, and seeking to enjoin Mrs. Norton from selling, transferring, or assigning the chose in action, and praying for appointment of a receiver for the funds due and to be due from the insurance company. Norton and his wife filed a joint answer, setting up that the funds were the property of Mrs. Norton. At interlocutory hearing the court appointed a receiver. Alice E. Norton alone excepted to the judgment, naming P. H. Mell as the sole defendant in the bill of exceptions. On the hearing in this court the defendant in error filed a motion to dismiss the writ of error, on the ground that "Henry J. Norton and Metropolitan Life Insurance Company were both named as defendants in the original bill, and both of said named defendants are interested parties to the litigation and both of said named defendants are interested in the result of the judgment to which exceptions are taken, especially one of the defendants, to wit Henry J. Norton, and are therefore proper and necessary parties to the bill of exceptions, but are not named as defendants in error; and therefore the bill of exceptions should be dismissed."

1. Although in the bill of exceptions error is assigned on the grant of interlocutory injunction and appointment of a receiver, the record clearly shows that only a receiver was appointed, there being no grant of an injunction. Under the pleadings and the evidence, irrespective of the question of ownership of the funds, the appointment of a receiver was not authorized.

2. The motion to dismiss the writ of error is denied.

*Judgment reversed. All the Justices concur.*